# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN ALEX SOTOMAYOR,<br><br>         Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security Administration,<br><br>         Defendant. | Case No.: 15-cv-2119-WQH-DHB<br><br>**ORDER** |

Hayes, Judge:

The matter before the Court is the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by Plaintiff's counsel, Matty M. Sandoval. (ECF No. 16).

## I. BACKGROUND

On October 13, 2011, Plaintiff Ivan Alex Sotomayor filed an application for disability insurance benefits. (Admin. R. ("A.R.") 71, 182-83, 198). In his application, Plaintiff alleged that he became unable to work because of his disabling condition on October 9, 2009. (A.R. 182). Plaintiff's claim was initially denied on or about March 21, 2012. (*See* A.R. 10, 71-79). On April 19, 2012, Plaintiff requested reconsideration. (A.R. 100). Upon reconsideration, Plaintiff's claim was denied on or about October 16, 2012. (A.R. 10, 81-90). On October 29, 2012, Plaintiff requested a hearing before an administrative law judge ("ALJ"). (A.R. 107). ALJ James S. Carletti held hearings on

November 1, 2013, and January 15, 2014. (A.R. 10, 126-44, 152-78). On August 13, 2014, the ALJ rendered an unfavorable decision and concluded that Plaintiff was not entitled to benefits. (A.R. 7-26). On October 9, 2014, Plaintiff requested review of the ALJ's decision. (A.R. 5-6). On July 22, 2015, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration ("Commissioner") when the Appeals Council denied Plaintiff's request for review. (A.R. 1-4).

On September 22, 2015, Plaintiff filed a Complaint seeking judicial review of the Commissioner's final decision. (ECF No. 1). On November 23, 2015, the Commissioner filed an Answer to the Complaint. (ECF No. 6).

On January 25, 2016, Plaintiff filed a Motion for Summary Judgment. (ECF. No. 9). On February 22, 2016, the Commissioner filed a Cross-Motion for Summary Judgment and an Opposition to Plaintiff's Motion for Summary Judgment. (ECF No. 10). On August 04, 2016, the magistrate judge issued a Report and Recommendation recommending that the Court grant Plaintiff's Motion for Summary Judgment, deny the Commissioner's Cross-Motion for Summary Judgment, and remand the case for further development of the record. (ECF No. 13). On August 25, 2016, the Court adopted the Report and Recommendation in its entirety, granted Plaintiff's Motion for Summary Judgment, denied the Commissioner's Cross-Motion for Summary Judgment, and remanded the case for further proceedings. (ECF No. 14).

On April 30, 2020, the Commissioner issued a fully favorable decision for Plaintiff. (Doc. A, ECF No. 16-1 at 1). The Commissioner issued a Notice of Award, confirming that Plaintiff is owed past-due benefits in the amount of $74,948.60 for June 2016 through April 2020, and monthly benefits in the amount of $1,514.00 beginning May 2020. (Doc. B, ECF No. 16-2 at 1-3).

On May 21, 2020, Plaintiff's counsel, Matty M. Sandoval ("Counsel"), filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b). (ECF No. 16). Counsel moves for approval of attorneys' fees in the amount of $10,000 for work in the district court. Counsel contends that he has already received $6000.00 for his work before the Social

Security Administration ("SSA"). Counsel contends that the requested award is reasonable because it is "less than the statutory 25% [of Plaintiff's past-due benefits], and it computes to $165.98 per hour." (ECF No. 19 at 1). Counsel provided the Court with a summary of hours Counsel expended for work in the district court, a copy of the Commissioner's fully favorable decision, a copy of the Notice of Award, and a copy of the check paid to Counsel for work before the SSA.

On May 26, 2020, the Commissioner filed a Response to the Motion for Attorney Fees, providing an "analysis of the fee request and tak[ing] no position on the reasonableness of the request." (ECF No. 17 at 4). On May 27, 2020, Counsel filed a Reply. (ECF No. 19). Counsel provided the Court with declarations from Plaintiff and Counsel and a copy of Plaintiff's retainer agreement.

## II.   DISCUSSION

Attorneys are entitled to fees for cases in which they successfully represent social security claimants. 42 U.S.C. §406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

An award under § 406(b) "allows the claimant's attorney to collect his or her fee out of the claimant's past-due disability benefits . . . ." *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *abrogated on other grounds by Sorenson v. Mink*, 239 F.3d 1140 (9th Cir. 2001).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the requested fee is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for reasonableness fees yielded

by those agreements."). "Within the 25 percent boundary. . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. The Supreme Court has established five factors that may be relevant in considering whether a fee award under a contingency-fee arrangement is reasonable: 1) "the character of the representation;" 2) the "results the [attorney] achieved;" 3) "[i]f the attorney was responsible for delay;" and 4) "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." *See id.* at 808.

On April 4, 2012, Plaintiff entered into a contingency fee agreement that provided, "I will pay my representative a fee equal to 25 percent of any past-due benefits from my claim . . . ." (Attachment A, ECF No. 19-3 at 1). On remand after judicial review by this Court, Counsel procured a fully favorable decision for Plaintiff and an award of past-due benefits of $74,948.60. A billing summary submitted by Counsel shows that Counsel expended 60.25 hours on the district court case. (ECF No. 16-4 at 1). Counsel's requested award of $10,000, divided by 60.25 hours, represents an effective hourly rate of $165.98. Counsel's requested award, combined with the $6,000.00 award he already received from the SSA, represents 21.3% of Plaintiff's past-due benefits.

The Court has considered the *Gisbrecht* factors as they relate to this case. There is no evidence in the record suggesting that Counsel overreached or unreasonably delayed this litigation. Counsel specializes in social security law and has been practicing law since 1990. Counsel's efforts on Plaintiff's behalf were ultimately successful. Counsel's effective hourly rate of $165.98 for 60.25 hours of work is within the range of what other courts have found reasonable in similar social security cases. *See Iler v. Berryhill*, No. 14cv2026-MMA (BGS), 2018 U.S. Dist. LEXIS 141021, at *5 (S.D. Cal. Aug. 20, 2018) (approving effective hourly rate of $341.00); *Johnson v. Colvin*, No. 3:13-cv-1764-GPC-NLS, 2016 U.S. Dist. LEXIS 178847, at *6 (S.D. Cal. Dec. 27, 2016) (effective hourly rate of $425.83 is "significantly less than rates that have been found reasonable in similar situations"). After consideration of the *Gisbrecht* factors and based on the quality of

Counsel's representation and the results achieved in this case, the Court concludes that the fees sought pursuant to § 406(b) are reasonable.

### III. CONCLUSION

It is hereby ordered that the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 16) is granted. The Commissioner is ordered to pay attorney Matty M. Sandoval the sum of $10,000.

Dated: August 6, 2020

*[signature]*
Hon. William Q. Hayes
United States District Court